IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

COLORADO CONSTRUCTION GROUP, INC.
BUCHANAN YONUSHEWSKI GROUP, LLC
JOHN YONUSHEWSKI
BRAD BUCHANAN
THE DAKOTA OWNERS ASSOCIATION

    Defendants.

---

### COMPLAINT FOR DECLARATORY JUDGMENT
---

Plaintiff, American Family Mutual Insurance Company, by and through its attorneys, Lambdin & Chaney, LLP, for its Complaint for Declaratory Judgment states the following:

### I.   JURISDICTION AND PARTIES

1.   American Family Mutual Insurance Company (hereinafter "American Family") is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

2.   Colorado Construction Group, Inc. (hereinafter "CCG") is a Colorado corporation.

3.   Buchanan Yonushewski Group, LLC (hereinafter "BYG") is a Colorado limited liability company.

4.   John Yonushewski (hereinafter "Yonushewski") is a citizen of the State of Colorado.

5.   Brad Buchanan (hereinafter "Buchanan") is a citizen of the State of Colorado

6.	The Dakota Owners Association (hereinafter "Association") is a Colorado nonprofit corporation.

7.	Plaintiff is a citizen of Wisconsin and all the Defendants are citizens of Colorado. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

8.	All necessary parties under F.R.C.P. Rule 57 and 28 U.S.C. § 2201 are before the Court.

## II. FACTUAL BACKGROUND

9	Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

10.	The Association is a residential common interest community created pursuant to Colorado's *Common Interest Ownership Act*, C.R.S. §§ 38-33.3-101, *et seq.*. The Community, known as "Dakota Lofts," consists of 1 building containing a total of 60 residential dwelling units and 2 commercial units. It is located at 1441 Central Street, Denver, Colorado (hereinafter the "Project").

11.	The Association filed a lawsuit against BYG, Yonushewski and Buchanan (collectively referred to as "BYG") in Denver County District Court, case number 2008CV6382 (hereinafter "Underlying Litigation").

12.	BYG, as the general contractor, constructed the Project beginning in 2003 and completed it in 2005.

13. The Association alleges in the Underlying Litigation that the Project suffers from certain defects and conditions which it seeks damages against BYG and others.

14. The Association alleges that BYG acted in concert with the subcontractors to cause the defects at issue, claiming joint and several liability pursuant to C.R.S. § 13-21-111.5.

15. In turn, BYG filed a third party complaint against numerous subcontractors, including CCG.

16. CCG provided materials and labor for the installation of brick masonry, hardcoat stucco and discrete foam details (i.e., EIFS details) at the Project.

17. In the Underlying Litigation, the Association claims defects in the work completed by CCG, which necessitate replacement and/or repairs to the stucco, EIFS and brick masonry at a cost of over $1 million.

18. On July 30, 2004, while the Project was ongoing, CCG applied for insurance with American Family and affirmatively stated that its' operation did not involve and would not involve new construction of residential buildings greater than 8 units; and that it has not installed and would not install External Insulation Finish Systems (synthetic stucco).

19. Based on CCG's representations, American Family issued the following policies to CCG:

| POLICY NUMBER | EFFECTIVE DATES |
| --- | --- |
| 05-XG0730-01 | 08/15/2004 to 08/15/2005 |
| 05-XG0730-01 | 08/15/2005 to 08/15/2006 |
| 05-XG0730-01 | 08/15/2006 to 08/15/2007 |
| 05-XG0730-01 | 08/15/2007 to 11/15/2007 |
| 05-XG0730-04 | 11/15/2007 to 11/15/2008 |

20. Each of the policies identified in paragraph 19 contain endorsement CG 77 12, titled "**EXCLUSION – MULTI-UNIT NEW RESIDENTIAL CONSTRUCTION (GREATER THAN RIGHT UNITS**), which modifies the insurance provided under the Commercial General Liability Coverage Part as follows:

> This insurance does not apply to . . . 'property damage' arising out of:
>
> 1. "Your work" in connection with pre-construction, construction, post-construction of any 'multi-unit residential building'; or
>
> 2. Any of "your products" which will or have become a part of the real property of any 'multi-unit residential building'.
>
> The following is added to Section V. Definitions, "Multi-Unit Residential Building" means a condominium, townhouse, apartment or similar structure, each of which has greater than eight units built or used for the purpose of residential occupancy.

21. Each of the policies identified in paragraph 19 contain an endorsement titled "**EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS**[1], which modifies the insurance provided under the Commercial General Liability Coverage Part as follows:

> A. This insurance does not apply to . . . "property damage" arising out of, caused by, or attributable to, whether in whole or in part, the following:
>
> 1. The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of

---

[1] The endorsement language set forth in this paragraph is the December 2004 version contained on all the policies except the first two policy periods, which both contain a December 2003 version which is substantially similar.

    conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

  2. "Your product or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature.

B. The following definition is added to the **Definitions** Section:
"Exterior insulation and finish system" means a non-load bearing exterior cladding or finish system, and all component parts therein, used on any part of any structure, and consisting of:

  1. A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

  2. The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

  3. A reinforced or unreinforced base coat;

  4. A finish coat providing surface texture to which color may be added; and

  5. Any flashing, caulking or sealant used with the system for any purpose.

22. Each of the policies identified in paragraph 19 also contain other applicable policy provisions, definitions, exclusions and conditions, all of which determine rights, duties and what is and is not covered, as more fully set forth in each of the policies.

### III. CLAIM FOR RELIEF

23. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

24. Plaintiff seeks declaratory judgment, pursuant to the Federal Declaratory Judgments Law, 28 U.S.C. § 2201 *et seq.* and F.R.C.P. 57, on the following points:

    a. That CCG concealed and misrepresented material facts in an effort to induce American Family to issue the subject insurance policy(ies).

    b. Because of those misrepresentations and nondisclosures, American Family is released from its obligations under the policy(ies).

    c. That the insurance policy(ies) issued by American Family to CCG do not provide coverage for the claims asserted in the Underlying Litigation.

    d. That American Family did not have a duty to defend or to indemnify CCG in the Underlying Litigation.

    e. That American Family is entitled to be reimbursed for incurred costs and attorney fees in defending the underlying action.

25. In requesting this declaratory relief, Plaintiff is requesting an interpretation of the rights, legal status and relationships of the parties under the above law and facts.

26. Such interpretation is appropriate under the provisions of the Federal Declaratory Judgments Law, 28 U.S.C. § 2201 *et seq.* and F.R.C.P. 57.

WHEREFORE, Plaintiff requests that the Court determine the rights, status or other legal relations of the parties under the above law and facts, and for all other relief to which Plaintiff may be entitled, including reimbursement of claims payments, costs, attorney fees and pre- and post-judgment interest.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DATED this 11th day of June, 2010.

                Respectfully submitted,

                LAMBDIN & CHANEY, LLP

By: *L. Kathleen Chaney*
     L. Kathleen Chaney, Esq.
     4949 S. Syracuse Street, Suite 600
     Denver, Colorado 80237
     Telephone:  (303) 799-8889
     Facsimile:   (303) 799-3700
     Email:       kchaney@lclaw.net

     *Attorneys for American Family Mutual Insurance Company*